# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

|  |  |  |
|---|---|---|
| | * | |
| **CESILIA VANEGAS,** *et al.*, | | |
| | * | |
| **Plaintiffs,** | | |
| | * | |
| **v.** | | **Case No.: PWG-15-2298** |
| | * | |
| **DIAZ GRANADOS, INC.** and | | |
| **FRANCIS J. DIAZ,** | * | |
| | | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Cesilia Vanegas, Milena Acosta, Yendy Gonzeles, and Ana Velasquez have filed suit against Defendants to recover unpaid minimum and overtime wages, and Defendants have not responded to the pleadings.  Plaintiffs have since filed a Motion for Default Judgment, Pls.' Mot., ECF No. 12, to which Defendants have not responded. Having reviewed the filings, I find that a hearing is unnecessary in this case.  *See* Loc. R. 105.6 (D. Md.).  Because notice has not been sought for class members pursuant to a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, nor under Fed. R. Civ. P. 23, this Memorandum Opinion will be limited to the named Plaintiffs in this case.  *See* Fed R. Civ. P. 23(c); 29 U.S.C. § 216(b).  Plaintiffs have demonstrated Defendants' liability and have established some, but not all, of the damages they seek.  Accordingly, Plaintiffs' Motion for Default Judgment will be granted in part and denied in part.

**Background**

Defendant Diaz Granados, Inc. is a Maryland corporation that is in the restaurant business.  Compl. ¶¶ 5–6, ECF No. 1.  Defendant Francis J. Diaz owns and manages the restaurant.  *Id.* ¶ 7.  As owner, he "is in charge of the day-to-day operations of the restaurant" and "establishes wage rates and determines the schedules of employees."  *Id.* ¶¶ 7–8.

Plaintiff Cesilia Vanegas worked as a server at Diaz Granados from August 2010 until August 5, 2015.  *See* Vanegas Decl. ¶ 5, Pls.' Mot. Ex. 1, ECF No. 12-2.  During that time, Vanegas asserts that she worked "156 weeks without overtime wages" during the three years prior to filing the Complaint.  *Id.* ¶ 12; Pls.' Mot. ¶ 9.  In addition, she was paid "weekly salary of $215.00," *id.* ¶ 9, for 72 hours of work each week, *see id.* ¶ 5. Milena Acosta also worked as a server for Diaz Granados.  Acosta Decl. ¶ 2, Pls.' Mot. Ex. 2, ECF No. 12-3.  She was employed from August 2010 until August 5, 2015, working a total of 106 full weeks during the three years prior to filing the Complaint.  *See id.* ¶¶ 2, 9; Pls.' Mot. ¶ 14.  Acosta was paid a weekly salary of $215, *id.* ¶ 6, for a total of 72 hours each week, *see id.* ¶ 5, and received no overtime pay, *id.* ¶ 7. Likewise, Yendy Gonzalez worked as a server at Diaz Granados from August 2013 until August 5, 2015, for a total of 106 weeks.  *See* Gonzelez Decl. ¶¶ 2, 9, Pls.' Mot. Ex. 3, ECF No. 12-4. Gonzales was only paid in tips and worked 72 hours each week and received no overtime pay. *See id.* ¶¶ 5–7.  Finally, Ana Velasquez worked as a cook for Diaz Granados from August 2010 until August 5, 2015, working for a total of 156 weeks during the three years prior to filing the Complaint.  *See* Pls.' Mot. ¶ 24; Velasquez Decl. ¶¶ 2, 9, Pls.' Mot. Ex. 4, ECF No. 12-5.  She was paid a weekly salary of $600 and worked 72 hours each week and received no overtime pay. *See id.* ¶¶ 5, 6–7.

As a result, Plaintiffs Vanegas, Acosta, and Gonzles allege that they were paid less than a minimum wage and were never compensated for any overtime hours, as mandated by the FLSA, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl., §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl., §§ 3-501 *et seq.* Plaintiff Velasquez alleges only overtime violations. On August 5, 2015, Plaintiffs filed suit in this Court against Defendants Diaz Granados, Inc. and Francis Diaz for unpaid wages and enhanced damages under the FLSA, MWHL, and MWPCL. See Compl. ¶¶ 35, 42, 48, 53. On February 29, 2016, Plaintiffs filed a Motion for Clerk's Entry of Default. ECF No. 10. On May 18, 2016, based on Defendants' failure to respond or otherwise defend in this proceeding and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk issued an Entry of Default as to each Defendant. ECF No. 11. Shortly thereafter, Plaintiffs filed the pending Motion for Default Judgment.

## **Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a party applies for default judgment. First, the rule provides that "when a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP*, No. 14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015); *see also* Fed. R. Civ. P. 55(b). "The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits.' " *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 420 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 420–22.

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 484 (citing *Ryan*, 253 F.3d at 780–81).  In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp., Ltd.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

## Discussion

### Liability

Plaintiffs' well-pleaded factual allegations, taken as true, establish liability under the FLSA, MWHL, and MWPCL.

> Pursuant to the FLSA, an employer must pay an employee an hourly wage no less than the federal minimum wage[,] and overtime pay for each hour worked in excess of forty hours per week. The MWHL similarly requires that employers pay the applicable minimum wage to their employees and, in [§§ 3–415 and 3–420 of the Labor and Employment Article], that they pay an overtime wage of at least 1.5 times the usual hourly wage for each hour worked in excess of forty hours per week.

*McFeeley v. Jackson St. Entm't*, 47 F. Supp. 3d 260, 275–76 (D. Md. 2014), *aff'd* 825 F.3d 235 (4th Cir. 2016) (alterations in original) (internal quotation marks and citations omitted); *see also* 29 U.S.C. §§ 206(a)(1), 207(a)(1); Md. Code Ann. Lab. & Empl. § 3-413.

A three-year statute of limitations applies to MWHL claims, while a two-year statute of limitations applies to non-willful FLSA violations.  *See* Md. Code Ann., Cts. & Jud. Proc. § 5–101; 29 U.S.C. § 255(a). An employer commits a "willful" FLSA violation where it was "not

merely negligent" but "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiffs plead that Defendants committed willful FLSA violations, Compl. ¶ 27, but they provide no facts to support their assertion. As the MWHL provides a longer statute of limitations, I will analyze Defendants' liability and Plaintiffs' entitlement to damages under the state law. As discussed *infra*, however, Plaintiffs cannot recover enhanced damages under the MWHL but can under the FLSA. Accordingly, the FSLA's two-year statute of limitations will apply for my analysis of enhanced damages.

The federal weekly minimum wage was $7.25 per hour throughout the time period at issue in this case, which translates to a $290 weekly minimum wage for full-time work. *See* 29 U.S.C. § 206(a)(1)(C). Employers may credit a portion of an employee's tips towards his or her minimum wage, but in order to do so, the employer must pay an alternative minimum wage applicable to tipped employees and notify the employee of the "tip-credit" provision. *McFeely*, 825 F.3d at 245–46 (4th Cir. 2016); *see also* 29 U.S.C. § 203(m); Md. Code Ann. § 3-419(a)(1)(ii), (c).

Plaintiffs Vanegas, Acosta, and Gonzales have established through their declarations that the Defendants violated the FLSA and MWHL by failing to pay them a minimum wage. Vanegas has established through her declaration that she was paid a weekly wage of $215—less than the federal minimum wage—for all 156 weeks of full-time work within the MWHL limitations period. Venegas Decl. ¶¶ 2, 6, 9. Acosta has established through her declaration that she received the same wage as Vanegas and worked full time for 106 weeks during the limitations period. Acosta Decl. ¶¶ 2, 6, 9. Gonzales establishes through her declaration that she only received tips for her 106 weeks of full-time work during the limitations period. Gonzales

Decl. ¶¶ 2, 6, 9.  Thus, Defendants are liable to Vanegas, Acosta, and Gonzales for minimum wage violations under the FLSA and MWHL.

Additionally, all four Plaintiffs have established through their declarations that the Defendants violated the FLSA and MWHL by failing to compensate them for any overtime hours worked.  Vanegas, Acosta, Gonzales, and Velasquez each establish through their declarations that they worked more than 40 hours per week.  *See* Venegas Decl. ¶ 5; Acosta Decl. ¶ 5; Gonzales Decl. ¶ 5; Valesquez Decl. ¶ 5. Thus, Defendants are liable to Plaintiffs under the FLSA and the MWHL for unpaid overtime hours. *See Donovan v. Kentwood Dev. Co.*, 549 F. Supp. 480, 485 (D. Md. 1982) (stating that "a prima facie case [for violation of FLSA] can be made through an employee's testimony giving his recollection of hours worked").

Also, Defendants are liable under the MWPCL. The MWPCL requires an employer to pay an "employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Md. Code Ann. Lab. & Empl. § 3-505. The Maryland Court of Appeals has held that "both the [M]WHL and the [M]WPCL are vehicles for recovering overtime." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625–26 (Md. 2014).  Plaintiffs assert in their declarations that the Defendants failed to pay overtime wages. In addition, Plaintiffs did not receive unpaid overtime upon termination. As noted, each Plaintiff worked more than 40 hours per week.  Therefore, the Defendants also are liable under the MWPCL for unpaid overtime wages.

<u>Damages</u>

1.  *Regular Damages*

In order to calculate damages, "the Court . . . may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Quiroz v. Wilhelm Commercial Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *2 (D. Md. Nov. 17, 2011). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Lopez v. Lawns R Us*, No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008). Moreover, this Court has awarded damages for unpaid wages based on a Plaintiff's declaration asserting the average number of hours he worked. *See Cruz v. Home & Garden Concepts, LLC*, No. GJH-15-204, 2016 WL 3679139, at *5 (D. Md. July 12, 2016). But Plaintiffs cannot recover under more than one theory. *See Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980). Therefore, they only may recover an amount of regular damages equivalent to the minimum and overtime wages they establish that they are owed; they cannot recover three times that amount by recovering under the FLSA, MWHL, and MWPCL.

As a longer statute-of-limitations is available under Maryland law than under federal law, I will analyze Plaintiffs' entitlement to regular damages under the MWHL. Prior to January 1, 2015, and during the limitations period, Maryland's minimum wage was the same as the federal minimum—$7.25 per hour, equivalent to a weekly minimum wage of $290 for full-time work. *See* 2006 Md. Laws 2699 (setting Maryland's minimum wage at the greater of $6.15 per hour or the federal minimum); 29 U.S.C. § 206(a)(1)(C). From January 1 to July 1, 2015, Maryland's minimum wage was $8.00 per hour, equivalent to a weekly minimum wage of $320 for full-time work. *See* Md. Code Ann., Lab. & Empl. § 3-413(c)(1). From July 1, 2015 until the August 5, 2015 filing of this action, Maryland's minimum wage was $8.25 per hour, equivalent to a weekly minimum wage of $330 for full-time work. *See id.* § 3-413(c)(2). In their Motion, Plaintiffs

calculate damages based on the federal minimum, *see* Pls.' Mot. ¶¶ 10, 15, 20, 23, but they are entitled to greater damages based on their pleadings. Accordingly, I will first calculate damages based on the $290 weekly minimum wage available under federal law during the MWHL's three-year limitations period. Where possible based on the information in the filings, I will then calculate the additional damages to which Plaintiffs are entitled under Maryland's higher minimum wage. Under both the FLSA and MWHL, employees are entitled to an overtime wage of at least 1.5 times their usual hourly wage. 29 U.S.C. § 207(a)(1); Md. Code Ann., Lab. & Empl., 3-415.

        a.  <u>Vanegas</u>

Vanegas asserts that she received $215 per week for the MWHL's entire 156-week limitations period. Vanegas Decl. ¶¶ 6, 9. Accordingly, she is entitled to $75 in unpaid minimum wages for each week (difference between claimed $290 weekly minimum wage and $215 weekly salary), for a total of <u>$11,700 in minimum wages</u>. She also worked overtime for 32 hours each week. *See id.* ¶ 5. Thus, over the 156-week limitations period, she worked 4,992 overtime hours. Since Vanegas was not paid at all for any hours worked in excess of 40, she is due an amount equal to 1.5 times the $7.25-per-hour minimum wage times the number of overtime hours worked (4,992). Accordingly, Vanegas is entitled to <u>$54,288 in overtime wages</u>.

For the five weeks between July 1 and August 5, 2015, Maryland's minimum wage was $1.00 greater than the federal minimum. Accordingly, for that time period, Vanegas is entitled to an additional $200 in minimum wages ($1 x 40 hours per week x 5 weeks) and $240 in overtime wages ($1 x 32 hours per week x 5 weeks x 1.5 multiplier). For the 26 weeks between January 1 and July 1, 2015, Maryland's minimum wage was $0.75 greater than the federal minimum. Accordingly, for that time period, Vanegas is entitled to an additional $780 in

minimum wages ($0.75 x 40 hours per week x 26 weeks) and $936 in overtime wages ($0.75 x 32 hours per week x 26 weeks x 1.5 multiplier). In total, Vanegas is entitled to an additional $2,156 based on Maryland's minimum-wage increases.

All told, Vanegas is entitled to $68,144 in regular damages.

b.  Acosta

Acosta asserts that she received $215 per week for 106 weeks within the MWHL's limitations period. *See* Acosta Decl. ¶¶ 6, 9; Pls.' Mot. ¶ 14. Accordingly, she is entitled to $75 in unpaid minimum wages for each week (difference between claimed $290 weekly minimum wage and $215 weekly salary), for a total of $7,950 in minimum wages. She also worked overtime for 32 hours each week, *see id.* ¶ 5, although the Motion for Default Judgment only requests overtime wages for 28 hours of overtime wages each week, Pls.' Mot. ¶ 12. Assuming the lower number, over 106 weeks, she is entitled to pay for 2,968 hours of overtime work. Since Acosta was not paid at all for any hours worked in excess of 40, she is due an amount equal to 1.5 times the $7.25-per-hour minimum wage times the number of overtime hours she worked (2,968). Accordingly, Acosta is entitled to $32,277 in overtime wages.

It is not possible based on the pleadings to calculate additional damages for Acosta due to Maryland's minimum-wage increases because neither the Complaint, nor the Motion, nor Acosta's Declaration specify how Acosta's 106 weeks of work were dispersed among the 156 weeks in the limitations period.

All told, Acosta is entitled to $40,277 in regular damages.

c.  Gonzalez

Gonzales asserts that she received no pay aside from tips, and there is no indication that she was notified of the FLSA's or MWHL's tip-credit provisions. Gonzales Decl. ¶ 6.

9

Accordingly she is entitled to the full $290 weekly minimum wage for each of the 106 weeks that she was employed by Diaz Granados, *id.* ¶ 9, for a total of $30,740 in minimum wages.[1] She also worked overtime for 24 hours each week. *See id.* ¶ 5. Thus, over 106 weeks, she is entitled to pay for 2,544 hours of overtime work. Since Gonzales was not paid at all for any hours worked in excess of 40, she is due an amount equal to 1.5 times the $7.25-per-hour minimum wage times the number of overtime hours she worked (2,544). Accordingly, Gonzales is entitled to $27,666 in overtime wages.

Gonzales, like Vanegas, is entitled to an additional $200 in minimum wages for the 5 weeks between July 1 and August 5, 2015, and an additional $780 in minimum wages for the 26 weeks between January 1 and July 1, 2015. For additional overtime wages, she is entitled to an additional $180 for the final five weeks ($1 x 24 hours per week x 5 weeks x 1.5 multiplier) and an additional $702 for the 26 weeks preceding that ($0.75 x 24 hours per week x 26 weeks x 1.5 multiplier). In total, Gonzales is entitled to an additional $1,862 based on Maryland's minimum-wage increase.

All told, Gonzales is entitled to $60,268 in regular damages.

d. Valesquez

Velasquez asserts that she worked overtime for 32 hours each week for the MWHL's entire 156-week limitations period. Velasquez Decl. ¶¶ 5, 9. Thus, over 156 weeks, she is entitled to pay for 4,992 hours of overtime work. She was paid $600 per week, which translates to an hourly rate of $15 for a 40-hour workweek. *Id.* ¶ 6. Since Velasquez was not paid at all for any hours worked in excess of 40, she is due an amount equal to 1.5 times her normal $15-per-

---

[1] The Motion for Default Judgment actually indicates that Gonzales, like Acosta, is due $7,950, in unpaid minimum wages. Pls.' Mot. ¶ 20. It is clear, however, from to total of $58,406 requested for Acosta's regular damages that she is actually requesting the full $30,740 in unpaid minimum wages.

hour rate times the number of overtime hours she worked (4,992). Accordingly, Acosta is entitled to $112,320 in overtime pay.

2.   *Enhanced Damages*

Pursuant to the FLSA, an employer who withholds overtime compensation "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the MWPCL, "if an employer fails to pay an employee . . . not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage [treble damages], and reasonable counsel fees and other costs." Md. Code Ann., Lab. & Empl. § 3-507.2(a)–(b).  Nevertheless, the Supreme Court has noted that it "goes without saying that the courts can and should preclude double recovery by an individual." *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980); *see also Quiroz*, 2011 WL 5826677, at *3 ("Plaintiffs are entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both").

Although Plaintiffs' Complaint requests treble damages pursuant to the MWPCL, Compl. ¶¶ 35, 42, 48, 53, they only request liquidated damages pursuant to the FLSA in their Motion for Default Judgment, Pls.' Mot. ¶¶ 10, 15, 20, 25.  That is likely because this Court has held that when "plaintiffs [do] not offer any evidence of consequential damages suffered because of the underpayments," liquidated damages under the FLSA are appropriate, rather than treble damages under the MWPCL.  *Lopez*, 2008 WL 2227353, at *4 (D. Md. May 23, 2008); *see also Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012). Because Plaintiffs do not plead any consequential damages, they cannot recover treble damages.

As liquidated damages, Plaintiffs claim an amount equal to what they claim as regular damages.  *See* Pls.' Mot. ¶¶ 10, 15, 20, 25.  While that is the correct formula for calculating liquidated damages, *see* 29 U.S.C. § 216(b), Plaintiffs' calculation does not account for the FLSA's two-year statute of limitations for non-willful violations, *see* 29 U.S.C. § 255(a).  But the proper amount of liquidated damages is ascertainable for each Plaintiff, with the exception of Acosta.

Vanegas is entitled two-thirds of the full amount awarded to her based upon the federal minimum wage and the full amount of overtime wages awarded to her based on Maryland's minimum-wage increases in 2015 for a total of $45,168 in liquidated damages.[2]  Gonzales is entitled to nearly the full amount awarded to her based on the federal minimum wage (less the two weeks that fall outside the two-year limitations period) and the full amount of overtime wages awarded to her based on Maryland's minimum-wage increases for a total of  $58,285 in liquidated damages.  Velasquez is entitled to two-thirds of the amount awarded to her, for a total of $74,880 in liquidated damages.  The amount of liquidated damages to which Acosta is entitled is not ascertainable based on the pleadings because neither the Complaint, nor the Motion, nor Acosta's Declaration specify how Acosta's 106 weeks of work were dispersed among the 156-week limitations period that was the foundation of Plaintiffs' calculation of Acosta's damages.

---

[2] Only two-thirds of the amount awarded based on the federal minimum wage can be awarded as liquidated damages because the FLSA has a two-year statute of limitations for non-willful violations, while the MWHL's is three years.  The full amount of additional overtime awarded as regular damages based on Maryland's minimum-wage increase can also be awarded as liquidated damages because Maryland's minimum wage only exceeded the federal government's during the two-year limitations period.

   *3. Pre-Judgment Interest*

   Plaintiffs have requested pre-judgment interest.  Compl. ¶¶ 35, 42, 48, 53. "The purpose of pre-judgment interest is to make plaintiff whole." *Quirk v. Balt. Cnty., Md.*, 895 F. Supp. 773, 790 (D. Md. 1995). Yet, "the Supreme Court has 'held that FLSA's liquidated damages were provided in lieu of calculating the costs of delay—which is the function of prejudgment interest—and therefore that a claimant could not recover both prejudgment interest and liquidated damages.' " *Kennedy v. A Touch of Patience Shared Hous.*, Inc., 779 F. Supp. 2d 516, 527 (E.D. Va. 2011) (quoting *Hamilton v. 1st Source Bank*, 895 F.2d 159, 166 (4th Cir. 1990)). On that basis, the Fourth Circuit has affirmed a district court's refusal to award pre-judgment interest, reasoning that "[t]he award of liquidated damages more than adequately compensated [plaintiff] for the delay in payment of overtime wages due him." *Masters v. Md. Mgmt. Co.*, 493 F.2d 1329, 1334 (4th Cir. 1974).  Having awarded Plaintiffs liquidated damages, Plaintiffs request for pre-judgment interest is hereby denied.

   *4. Post-Judgment Interest*

   Plaintiffs also request post-judgment interest. *See* Compl. ¶¶ 35, 42, 48, 53. "Post-judgment interest is due on awards under the FLSA in accordance with 28 U.S.C. § 1961." *Kennedy*, 779 F. Supp. 2d at 527 (quoting *Thomas v. Cnty. of Fairfax, Va.*, 758 F. Supp. 353, 370 (E.D. Va. 1991)). Accordingly, I will award post-judgment interest to Plaintiff as calculated under 28 U.S.C. § 1961.

   *5. Attorney's Fees and Costs*

   Furthermore, Plaintiffs seek attorney's fees and costs. *See* Compl. ¶¶ 35, 42, 48, 53. Reasonable attorney's fees and costs are mandatory under 29 U.S.C. § 216(b). In addition, the MWHL also provides that the Court may award reasonable attorney's fees and costs to an

employee. Md. Code Ann. Lab. & Empl. § 3-427(d).  In calculating an award for attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended."  *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see also Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award" (internal citations omitted)).  As for costs, under the FLSA and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.' " *Lopez*, 2008 WL 2227353, at *7 (quoting *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (finding a $350 filing fee and a $200 service process fee "well within the categories of normal and necessary costs of litigation").

Therefore, the Court will award attorney's fees and costs to Plaintiffs.  To that end, Plaintiffs shall submit a bill of costs within fourteen (14) days of this Memorandum Opinion and Order, with Defendants' response, if any, to be submitted within fourteen (14) days thereafter. In submitting their request for attorney's fees, Counsel for the Plaintiffs shall comply with Local Rules Appendix B, "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." *See* Loc. R. App. B.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for Default Judgment will be granted in part and denied in part. Judgment will be entered in the amount of $459,342.  Plaintiffs will also be awarded for attorney's fees, costs, and post-judgment interest. A separate order will follow.

Date: <u>January 24, 2017</u>                    <u>            /S/            </u>
                                                Paul W. Grimm
                                                United States District Judge